IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD BARKER, | CV 19–168–M–DWM |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF THE ARMY, | |
| Defendant. | |

As a member of the National Guard, Plaintiff Ronald Barker served three deployments in the Middle East. (Doc. 1 at ¶¶ 3, 6–10.) During his second deployment, he was diagnosed with PTSD by a military doctor. (*Id.* at ¶ 9.) Barker was not informed of the diagnosis and soon deployed a third time. (*Id.* at ¶¶ 9–10.) He subsequently brought this suit for medical malpractice and negligent infliction of emotional distress under the Federal Tort Claims Act, 28 U.S.C. § 2674, and constitutional violations under 42 U.S.C. § 1983. The United States moved to dismiss on March 16, 2020. (Doc. 8.) Barker failed to timely respond. *See* L.R. 7.1(d)(1)(B)(i). Because the *Feres* doctrine bars Barker's claims, the motion to dismiss is granted. *See Feres v. United States*, 340 U.S. 135 (1950).

Under the *Feres* doctrine, "the [Federal Tort Claims] Act's waiver of sovereign immunity does not extend to 'injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.'" *Daniel v. United States*, 889 F.3d 978, 981 (9th Cir. 2018) (quoting *Feres*, 340 U.S. at 146). The doctrine bars medical malpractice claims for treatment provided to active duty servicemembers at military facilities. *Id.* It also bars claims that derive from the alleged medical malpractice. *Persons v. United States*, 925 F.2d 292, 297 (9th Cir. 1991). Here, there is no question that Barker's injuries occurred "incident to service." *Daniel*, 889 F.3d at 981 (listing four-factor test). To the extent the *Feres* doctrine does not function to bar the § 1983 claim, that claim is barred because § 1983 does not authorize a cause of action against the federal government. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Accordingly,

IT IS ORDERED that the motion to dismiss (Doc. 8) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment consistent with this order and close the case.

DATED this 20th day of April, 2020.

14:21 PM

Donald W. Molloy, District Judge
United States District Court

2